IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| STEPHANIE M. HILL, JOSEPH M. HILL, SR. and SANDRA F. HILL, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action File No: |
| FORD MOTOR COMPANY and TEXAS INSTRUMENTS INCORPORATED, | ) ) ) ) | _____ |
| Defendants. | ) ) ) ) | |

## COMPLAINT FOR DAMAGES

COME NOW Stephanie M. Hill, Joseph M. Hill, Sr., and Sandra F. Hill, plaintiffs in the above-styled civil action, and state their complaint for damages against defendants Ford Motor Company and Texas Instruments, Inc. (collectively referred to as "defendants"), and show as follows:

## I.   SUMMARY OF PERTINENT FACTS

1.

During the early morning hours of March 24, 2009, a 1998 Ford Expedition ("the truck") erupted into flames and ignited a blaze that burned and destroyed the vehicle and plaintiff Stephanie Hill's home and its contents located at 225 David Larsen Drive, Stockbridge, Henry County, Georgia 30281.

2.

At the time the truck erupted into flames, the truck was turned off and parked in plaintiff Stephanie Hill's garage.

3.

The fire awoke plaintiff Stephanie Hill who barely escaped the burning home with her life.

4.

Plaintiffs Stephanie Hill and Joseph Hill suffered property loss and adverse physical impact and health problems as a result of the fire.

5.

The fire exposed plaintiffs Stephanie Hill and Joseph Hill to toxic fumes and smoke, dangerously intense heat, and other toxic environmental conditions, all of which resulted directly from the fire and all of which caused physical injuries and severe emotional injuries to plaintiffs Stephanie Hill and Joseph Hill.

6.

Defects in the truck and the speed control deactivation switch (the "switch" or "SCDS") in the truck caused the fire.

7.

The truck contained the same or substantially similar switch as the Ford truck that is believed to have caused another fire in Marietta, Georgia in January 2004 that took the life of four-year old Blake Washington.

8.

Between January 2005 and August 2007, approximately 10 million vehicles that use the same or substantially similar switch as the Hills' truck were recalled because the switch has a dangerous defective propensity to start fires, even when the vehicles are turned off and parked.

9.

The Hills family did not receive notice of the recall prior to the fire that destroyed plaintiff Stephanie Hill's home.

10.

The media has reported that the National Highway Traffic Safety Administration ("NHTSA") has received at least 559 complaints of spontaneous fires in Ford vehicles with the defective switch.

II.   **PARTIES, JURISDICTION AND VENUE**

11.

Plaintiffs Stephanie M. Hill, Joseph M. Hill, Sr., and Sandra F. Hill were at all relevant times residents of Henry County, Georgia.

12.

Defendant Ford Motor Corporation ("Ford") is a corporation formed under the laws of Delaware and authorized to transact business in Georgia with its principal place of business at One American Road, Dearborn, Michigan 48126.  Ford may be served the summons and complaint through its registered agent for

service of process in Georgia, The Corporation Company, 328
Alexander Street, Suite 10, Marietta, Cobb County, Georgia 30060.

                              13.

       Defendant Texas Instruments, Inc. ("TI") is a
corporation formed under the laws of Delaware and authorized to
transact business in Georgia with its principal place of business
at 12500 TI Boulevard, Dallas, Texas 75266.  TI may be served the
summons and complaint through its registered agent for service of
process in Georgia, Corporation Process Company, 2180 Satellite
Boulevard, Suite 400, Duluth, Gwinnett County, Georgia 30097.

                              14.

       Upon information and belief, TI sold its controls
division, which former division is now known as Sensata
Technologies Massachusetts, Inc. and is a corporation formed under
the laws of the state of Massachusetts with its principal place of
business at 529 Pleasant Street, Attleboro, MA 02703.

                              15.

       This Court has subject matter jurisdiction over this
action because the plaintiff is a resident of the state of Georgia
and defendants are residents of other states.

                              16.

       Venue is proper in this Court pursuant to 28 U.S.C. §
1391(a) and Local Court Rule 3.1(B) because the events giving rise
to plaintiffs' complaint occurred in Henry County, Georgia,
because the property which is the subject of this action is

situated in Henry County, Georgia, and because all plaintiffs reside in Henry County, Georgia.

17.

Jurisdiction and venue in this Court are proper as to all defendants.

### III.  STATEMENT OF RELEVANT FACTS

18.

Defendant Joseph Hill purchased the truck from Meadows Ford in Manchester, Georgia.

19.

During the early morning hours of March 24, 2009, the fire alarm in her home awoke plaintiff Stephanie Hill, and Stephanie Hill realized that her home was on fire.

20.

Stephanie Hill fought her way through smoke and fumes and barely escaped her burning home.

21.

Stephanie Hill's parents, Joseph and Sandra Hill, awoke and immediately ran from their own home a few doors down from Stephanie Hill's home when they realized Stephanie's home was on fire.

22.

As a result of the fire, Stephanie Hill and Joseph Hill inhaled toxic fumes and smoke, experienced dangerous levels of heat in their immediate proximity, and were exposed to toxic

environmental conditions, all of which caused physical injuries and severe emotional injuries to Stephanie Hill and Joseph Hill.

23.

The toxic fumes, smoke, heat, and other toxic substances resulted directly from the fire and caused or contributed to physical injuries and severe emotional injuries to Stephanie Hill and Joseph Hill.

24.

At the time the fire erupted in the truck, the truck was turned off and parked in Stephanie Hill's garage.

25.

The fire on March 24, 2009 completely destroyed plaintiff Stephanie Hill's home and plaintiff Joseph Hill's truck.

26.

Prior to the fire, no defendant notified plaintiffs Joseph Hill, Stephanie Hill, or Sandra Hill ("the Hills") that the truck was subject to a recall.

27.

The Hills did not receive notice of a recall of the truck or any part of the truck.

28.

Despite having access to and knowledge of Joseph Hill's current mailing address, neither defendant Ford nor its agent(s) notified Joseph Hill of the recall of the truck.

29.

Despite having knowledge of the propensity of the truck to erupt into flames, defendant Ford and its agent(s) failed to disconnect and repair the switch in the truck.

30.

Defendant Ford and its agent(s) failed to remedy the danger posed by the switch.

31.

Defendant Ford and its agent(s) failed to warn the Hills of the danger of fire and the danger the truck posed to the Hill family.

32.

Prior to the fire at Stephanie Hill's home, no defendant warned the Hills of the dangerous propensity of the truck to erupt into flames.

IV.   **THE DEFECT AND DEFENDANTS' KNOWLEDGE OF THE DEFECT**

33.

The components of the switch in the truck include a hydraulic pressure switch that functions as a redundant switch to interrupt power to the speed control servo during brake application and causes the speed control to disengage.

34.

The switch is mounted on the brake master cylinder in some vehicle models and on the break line junction block on other

vehicle models below the brake vacuum booster on the left driver's
side of the engine compartment.

                                35.

     Defendants Ford and TI jointly designed the switch that
was contained in the Hills' truck.

                                36.

     Defendant TI manufactured the switch contained in the
Hills' truck.

                                37.

     At all relevant times, defendants directed or engaged in
the manufacturing, distribution, design, assembly, marketing and
sales of the 1998 Ford Expedition truck, the vehicle at issue in
this lawsuit, and/or profited from such activity.

                                38.

     Inside the switch, a multi-layer diaphragm and gasket
seal the interface between the hydraulic and electrical sides of
the switch.

                                39.

     The diaphragm consists of three layers of Kapton, a high
performance polyimide polymer film manufactured by DuPont, placed
between two layers of Teflon.

                                40.

     The process that leads to the switch failing and causing
a fire involves the development of a leak path, through the
defective Kapton layers, from the hydraulic side of the switch

(i.e. where the inflammable brake fluid is) to the electrical side of the switch (i.e. where the electric current is).

41.

The process of the switch failing also involves the corrosion of the switch contacts in the electrical side of the switch that leads to the development of a resistive electrical short circuit that generates heat in the switch cavity, which results in burning of the plastic base and, in some cases, ignition.

42.

On May 13, 1999, almost ten years prior to the fire that destroyed Stephanie Hill's home and her possessions and Joseph Hill's truck, Ford notified the NHTSA of a safety defect relating to the switch that could result in engine compartment fires in approximately 279,000 vehicles, year models 1992 through 1993 Lincoln Town Car, Ford Crown Victoria, and Mercury Grand Marquis vehicles.

43.

In its response to NHTSA relating to the 1999 recall, Ford stated that the defective switches could develop internal leaks that "could result in internal corrosion in the switch which could create a conductive path to ground, ultimately resulting in sufficient internal heat to result in fire."

44.

Ford further stated in its response to the NHTSA that
"[b]ecause the subject switches receive uninterrupted battery
voltage, the fires can occur when the vehicle has been parked with
the key in the 'OFF' position."

45.

The Hills' 1998 Ford Expedition truck contained a switch
and related components that were substantially identical to the
switch in the Ford vehicles recalled in 1999.

46.

On April 18, 2001, in Cobb County, Georgia, the switch
in a 1993 Mercury Marquis caused a fire that destroyed the Prout
family's home.  On August 12, 2002, the Prout's insurance company
sued Ford and TI in the United States District Court for the
Northern District of Georgia, alleging that the Mercury Marquis
and the switch were negligently designed and manufactured and that
Ford failed to warn about the dangerous and defective switch.  On
June 2, 2003, Ford filed a third-party complaint against TI in
which Ford alleged that, in connection with the design and
manufacture of the switch, TI was negligent, strictly liable, and
that TI failed to warn Ford about the "defective electrical
component part" (i.e., the switch).  Despite Ford's own defect
claims and acknowledgements as illustrated in this 2003
litigation, defendants have failed to adequately warn and recall
all affected vehicles and switches, including Joseph Hill's truck

which erupted into flames and destroyed Stephanie Hill's home and possessions.

47.

In January 2005, Ford recalled approximately 792,000 vehicles that utilize the same or substantially similar switch as the Hills' truck because of the switch's dangerously defective propensity to start fires.

48.

After subsequent NHTSA investigations were initiated, Ford expanded the recalls several times to include up to 10 million Ford vehicles that contained the dangerous and defective switch.

49.

This recall has been reported in the media to be the largest recall in American automotive history.

50.

Defendants are aware of the fire problem and have been aware of it since before NHTSA launched its first investigation during the 1990s.

51.

Despite the findings of these investigations, defendants continued to design, manufacture, install, and utilize similar switches and related parts, in vehicles until model year 2003 and continued using the defective switch for replacement of other switches in vehicles with model years beyond 2003.

## V. <u>CAUSES OF ACTION</u>

A. <u>FIRST CAUSE OF ACTION (STRICT PRODUCTS LIABILITY: FAILURE TO WARN) AGAINST ALL DEFENDANTS BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL</u>

52.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

53.

Defendants designed, manufactured, assembled, marketed, distributed, and/or sold the product or truck at issue in this case.

54.

Pursuant to O.C.G.A. §§ 51-1-11 and 51-1-11.1, defendants, as manufacturers and product sellers of the truck, are liable to Stephanie Hill and Joseph M. Hill, Sr., who purchased and/or used and were reasonably affected by the truck and suffered injury to their persons and property as a result of the proper use of the truck.

55.

Defendants knew that Ford trucks containing the subject switch, such as the Hills' truck, would be purchased and used without inspection for defects.

56.

The Hills' truck and the switch contained therein were defective when they left the control of the defendants.

57.

At the time of injury, the truck was being used in the manner intended by the defendants and in a manner that was reasonably foreseeable by the defendants.

58.

The foreseeable use of the truck involved a substantial danger of fire not readily apparent to plaintiffs or the consuming public.

59.

The defendants did not give adequate warnings of the danger of fire.

60.

Plaintiffs Stephanie Hill's and Joseph Hill's property damages and physical injuries, including the physical and emotional damages they suffered, were the legal and proximate result of the actions and inactions of defendants.

61.

Each defendant owed a duty to plaintiffs Stephanie Hill and Joseph Hill in designing, manufacturing, assembling, marketing, distributing, and selling unreasonably dangerous and defective products and/or vehicles, such as the Ford Expedition truck which caused the fire in this case.

62.

Defendants knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the defective Hills' truck and the switch contained therein.

63.

The defective design, manufacturing, and lack of warnings of the switch and its defect caused the Hills' truck to have unreasonably dangerous ignition and fire-starting propensities.

64.

Defendants failed adequately to warn of the substantial dangers known or knowable at the time of the design, manufacture, assembling, marketing, distribution, and sale of the Hills' truck and the switch contained therein, which dangers were involved in the foreseeable use of the truck.

65.

Defendants knew that the substantial danger of fire was not readily recognizable to an ordinary consumer and that consumers would purchase and use the vehicles containing the defective switch without inspection for defects.

66.

Stephanie Hill was using the Ford truck in a reasonably foreseeable manner when the fire occurred.

67.

When the fire erupted, the truck was parked in Stephanie Hill's garage and turned off.

68.

As a result of the fire, Stephanie Hill's home and all of her material possessions and Joseph Hill's truck were completely destroyed, and Stephanie and Joseph Hill suffered physical injuries and severe emotional distress.

69.

Defendants are strictly liable to Stephanie and Joseph Hill for the damage to their property and to themselves.

70.

Stephanie and Joseph Hill's injuries and damages were the legal and proximate result of the actions of defendants, all of whom owed a duty to warn Stephanie and Joseph Hill of the risks of substantial harm associated with the foreseeable use of the defendants' vehicles, such as the truck in this case.

71.

Defendants' conduct was willful and malicious and warrants an award of punitive damages on the plaintiffs' strict liability claim in an amount sufficient to deter future wrongful conduct by defendants as provided by Georgia law and other applicable law.

B.  SECOND CAUSE OF ACTION (STRICT PRODUCTS LIABILITY: DESIGN DEFECT) AGAINST ALL DEFENDANTS BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL

72.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

73.

Defendants designed the defective truck and the switch contained therein in this case causing these products to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

74.

The defective truck and switch in this case were defectively designed, resulting in the switch having an unreasonably dangerous propensity to ignite and start fires, and resulting in actual ignitions and fires, thereby burning Stephanie Hill's home and its contents, burning Joseph Hill's truck, and burning other homes and buildings and causing injuries.

75.

The risks inherent in the design of the defective Hill truck and switch contained therein significantly outweigh any benefits of such designs.

76.

Pursuant to O.C.G.A. §§ 51-1-11 and 51-1-11.1, the truck sold to Joseph Hill was not merchantable and not reasonably suited to the use intended for the truck.

77.

The ignition and fire dangers of the defective Hill truck and switch contained therein were also the result of a defect in manufacture.

78.

This manufacturing defect resulted in the production of vehicles, including the Hill truck, and parts, including the switch in the Hill truck, by defendants Ford and TI which deviated from defendants' intended result from other seemingly identical products in the same product line.

79.

Due to this design and manufacturing defect, the truck did not meet the expectations of the ordinary consumer who would reasonably expect that their vehicle would not self-ignite.

80.

Defendants are strictly liable to plaintiffs Stephanie Hill and Joseph Hill for the damage to their property and persons.

81.

Stephanie Hill's injuries and damages described herein were the legal and proximate result of the actions of defendants in designing and manufacturing defective products.

82.

Joseph Hill's injuries and damages described herein were the legal and proximate result of the actions of defendants in designing and manufacturing defective products.

83.

Defendants' conduct was willful and malicious and warrants an award of punitive damages on plaintiffs' strict liability claim in an amount sufficient to deter future wrongful conduct by defendants as provided by Georgia law and other applicable law.

C.  THIRD CAUSE OF ACTION (GENERAL NEGLIGENCE) AGAINST ALL DEFENDANTS BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL

84.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

85.

Defendants owed duties of reasonable care to plaintiffs Stephanie Hill and Joseph Hill.

86.

Defendants were negligent in the exercise of their duties and breached said duties.

87.

Defendants' breach of their duties was the legal and proximate cause of plaintiffs Stephanie Hill's and Joseph Hill's injuries and damages.

88.

Defendants failed to exercise ordinary care and breached their duty by, among other things:

a.   Failing to use due care in the manufacture, distribution, designing, testing, and sale of the defective Hill truck and the switch contained therein, to avoid the aforementioned risks to individuals;

b.   Failing to provide adequate warning of the potential of the defective Hill truck and switch contained therein to ignite fires;

c.   Failing to notify customers, users, and the public, including the Hill family, of the presence of defective and deadly fire hazard in many more Ford vehicles;

d.   Failing to incorporate within the vehicle and its design reasonable safeguards and protection against fire and the consequences thereof;

e.   Failing to make timely correction to the design of the defective Hill truck, the switch, and related components contained therein, to correct the problem of fire risks; and

f.   Failing to adequately identify and mitigate the hazards associated with fire in accordance with good engineering practices and other ways to be shown at hearing or trial.

89.

In addition to the conduct outlined above, defendants failed to exercise ordinary care and breached their duty by, among other things:

a.   Failing to repair the switch in the Hill truck prior to the fire at Stephanie Hill's home;

b.    Failing to disconnect the switch in the Hill truck prior to the fire at Stephanie Hill's home;

c.    Failing to warn the Hills of the fire danger associated with their truck prior to the fire at Stephanie Hill's home; and

d.    Failing to take any action to remedy the defective truck and switch contained therein in the Hill truck despite their knowledge of the defect and the propensity of the vehicle to erupt into flames.

90.

The aforementioned negligent acts and omissions of defendants were the direct and proximate cause of the fire that caused the plaintiffs Stephanie Hill and Joseph Hill substantial damages and injuries.

91.

As a proximate and direct result of the defendants' breach of their duty to plaintiffs, as consumers, plaintiffs Stephanie Hill and Joseph Hill are entitled to special and general damages and all other damages authorized under Georgia law or other applicable law.

92.

Defendants' actions were wanton, oppressive, malicious and with utter disregard to the consequences such that an award of punitive damages as determined by the jury is authorized on

plaintiffs' claim for negligence as provided by Georgia law and other applicable law.

D.  FOURTH CAUSE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) AGAINST ALL DEFENDANTS BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL

93.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

94.

Defendants owed duties of reasonable care to plaintiffs Stephanie Hill and Joseph Hill.

95.

Defendants were negligent in the exercise of their duties and breached said duties.

96.

Defendants' breach of their duties was the legal and proximate cause of plaintiffs Stephanie Hill's and Joseph Hill's injuries and damages.

97.

Defendants failed to exercise ordinary care and breached their duties by, among other things:

a.  Failing to use due care in the manufacture, distribution, designing, testing, and sale of the defective Hill truck and the switch contained therein, to avoid the aforementioned risks to individuals;

b.   Failing to provide adequate warning of the potential of the defective Hill truck and switch contained therein to ignite fires;

c.   Failing to notify customers, users and the public, including the Hill family, of the presence of defective and deadly fire hazard in many more Ford vehicles;

d.   Failing to incorporate within the vehicle and its design reasonable safeguards and protection against fire and the consequences thereof;

e.   Failing to make timely correction to the design of the defective Hill truck, the switch, and related components contained therein, to correct the problem of fire risks; and

f.   Failing to adequately identify and mitigate the hazards associated with fire in accordance with good engineering practices and other ways to be shown at hearing or trial.

98.

In addition to the conduct outlined above, defendants failed to exercise ordinary care and breached their duties by, among other things:

a.   Failing to repair the switch in the Hill truck prior to the fire at Stephanie Hill's home;

b.   Failing to disconnect the switch in the Hill truck prior to the fire at Stephanie Hill's home;

c.    Failing to warn plaintiffs of the fire danger associated with their truck prior to the fire at Stephanie Hill's home; and

d.    Failing to take any action to remedy the defective truck and switch contained therein in the Hill truck despite their knowledge of the defect and the propensity of the vehicle to erupt into flames.

99.

As a result of the fire, plaintiff Stephanie Hill incurred property loss and inhaled toxic fumes and smoke, experienced dangerous levels of heat in her immediate proximity, and was exposed to toxic environmental conditions, all of which caused physical injuries and severe emotional injuries to Stephanie Hill.

100.

As a result of the fire, plaintiff Joseph Hill incurred property loss and inhaled toxic fumes and smoke, experienced dangerous levels of heat in his immediate proximity, and was exposed to toxic environmental conditions, all of which caused physical injuries and severe emotional injuries to Joseph Hill.

101.

The aforementioned negligent acts and omissions of defendants were the direct and proximate cause of the fire that caused the plaintiffs substantial damages and injuries.

102.

As a proximate and direct result of defendants' breach of their duties, plaintiffs Stephanie Hill and Joseph Hill suffered humiliation, mental anguish, and emotional distress and are entitled to special and general damages and all other damages authorized under Georgia law for the negligent infliction of emotional distress.

103.

Defendants' actions were wanton, oppressive, malicious and with utter disregard to the consequences such that an award of punitive damages as determined by the jury is authorized on the plaintiffs' claim for negligent infliction of emotional distress.

E.  FIFTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) AGAINST ALL DEFENDANTS BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL

104.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

105.

Defendants' conduct detailed above was intentional or reckless, including but not limited to:

a.   Designing, manufacturing, marketing, distributing, and selling vehicles that are defective and contain a defective switch with knowledge of the fire dangers associated with the vehicles and switch, including the Hill truck;

b.   Failing to repair, remedy, disconnect, or otherwise make safe the switch in the Hills' truck, particularly during the occasions on which Ford or its agent(s) serviced the Hill vehicle after Ford had actual knowledge of the fire risk posed by certain Ford vehicles including the Hills' truck; and

c.   Failing to warn the public and the Hills of the fire danger that the 1998 Ford Expedition posed to the public and the Hills, which was well-known to defendants.

106.

Defendants' conduct was extreme in degree and outrageous in character, as to go beyond all possible bounds of decency, and to be regarded as atrocious and outrageous, and utterly intolerable in a civilized community.

107.

Defendants' conduct caused plaintiffs Stephanie Hill's and Joseph Hill's injuries, including severe emotional distress.

108.

As a proximate and direct result of the defendants' intentional conduct, plaintiffs Stephanie Hill and Joseph Hill are entitled to special and general damages and all other damages authorized under Georgia law or other applicable law.

109.

Defendants' conduct was extreme in degree and outrageous in character, and an award of punitive damages as determined by

the jury is authorized on the claim for intentional infliction of emotional distress under Georgia law and other applicable law.

G.   SIXTH CAUSE OF ACTION
(UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. §10-1-370, *ET SEQ.*) AGAINST DEFENDANT FORD BY PLAINTIFFS STEPHANIE HILL AND JOSEPH HILL

110.

Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

111.

Defendant Ford engaged in at least the following false, misleading and/or deceptive acts or practices in the conduct of its trade or commerce, among others:

a.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; and

b.   Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another.

112.

Stephanie Hill and Joseph Hill were consumers within the meaning of the Uniform Deceptive Trade Practices Act.

113.

Stephanie Hill and Joseph Hill relied upon the aforesaid representations, and failure to disclose, to their detriment.

114.

Defendant Ford engaged in the aforesaid conduct willfully, knowingly and/or intentionally.

115.

At the time of the aforesaid acts and/or practices, defendant Ford knew of the falsity, deception and/or unfairness of such acts or practices.

116.

Defendant Ford engaged in the aforesaid conduct intentionally.

117.

In addition to being aware of the falsity, deception and/or unfairness of the aforesaid acts or practices and/or of the condition, defect and/or failure constituting the breach of warranty, defendant Ford specifically intended that Stephanie Hill and Joseph Hill act in detrimental reliance on those defendants' falsity or deception, or in detrimental ignorance of the unfairness.

118.

The truck in question constitutes goods within the meaning of the Georgia Uniform Deceptive Trade Practices Act.

119.

As more particularly described above, defendant Ford engaged in one or more unconscionable actions and/or courses of action.

120.

These actions or courses of actions took advantage of Stephanie Hill's and Joseph Hill's lack of knowledge, ability, experience and/or capacity to a grossly unfair degree.

121.

The aforesaid violation or violations of the Uniform Deceptive Trade Practices Act constituted a producing cause of plaintiffs Stephanie Hill's and Joseph Hill's injuries and damages.

122.

By reason of defendants willful breach of the Uniform Deceptive Trade Practices Act, plaintiffs Stephanie Hill and Joseph Hill are entitled to recover for economic damages, costs, reasonable and necessary attorney's fees, and any and all other relief available under Georgia law or other applicable law.

H. SEVENTH CAUSE OF ACTION (LOSS OF CONSORTIUM) AGAINST ALL DEFENDANTS BY PLAINTIFF SANDRA F. HILL

123.

Plaintiff Sandra F. Hill has lost the domestic and conjugal services previously provided by plaintiff Joseph Hill and has been deprived of the right to consortium.

124.

As a direct and proximate result of the defendants
negligence, plaintiff Sandra F. Hill is entitled to an award of
general damages for loss of consortium in an amount to be
determined by a jury of plaintiff's peers.

I.  SEVENTH CAUSE OF ACTION (PUNITIVE DAMAGES) AGAINST ALL
DEFENDANTS

125.

Plaintiffs incorporate by reference and re-allege all
paragraphs previously alleged herein.

126.

The defendants' actions were willful, malicious,
fraudulent, wanton, oppressive, and/or entirely without want of
care, and plaintiffs are entitled to recover, in addition to
actual damages, damages to make an example of and to punish these
defendants pursuant to O.C.G.A. § 51-12-5.1.

127.

Defendants willfully, maliciously, wantonly,
oppressively, and/or entirely without want of care, designed,
manufactured, marketed and/or sold the dangerously defective
vehicles with defective switches, related components, and Kapton,
in conscious disregard of the rights and safety of the Hills and
the public.

128.

On May 13, 1999, almost ten years prior to the fire that destroyed Stephanie Hill's home and possessions, Ford notified the NHTSA of a safety defect relating to the switch that could result in engine compartment fires in approximately 279,000 vehicles, year models 1992 through 1993 Lincoln Town Car, Ford Crown Victoria, and Mercury Grand Marquis vehicles.

129.

On April 18, 2001, in Cobb County, Georgia, the switch in a 1993 Mercury Marquis caused a fire that destroyed the Prout family's home.  On August 12, 2002, the Prout's insurance company sued Ford and TI in the United States District Court for the Northern District of Georgia, alleging that the Mercury Marquis and the switch were negligently designed and manufactured, and that Ford failed to warn about the dangerous and defective switch. On June 2, 2003, Ford filed a third-party complaint against TI in which Ford alleged that, in connection with the design and manufacture of the switch, TI was negligent, strictly liable, and that TI failed to warn Ford about the "defective electrical component part" (i.e., the switch).  Despite Ford's own defect claims and acknowledgements as illustrated in this 2003 litigation, defendants have failed to adequately warn and recall all affected vehicles and switches, including that of the Hills who suffered pecuniary loss and physical injuries.

130.

The Hills' truck contained a switch and related components that were substantially identical to the switch in the Ford vehicles recalled in 1999 and to the switch in 1993 Mercury Marquis such as the vehicle at issue in the 2002 Prout case.

131.

In January 2004, in Marietta, Georgia, a fire believed to have been caused by a 2001 Ford F-150, containing a switch similar in all material respects to that of the Hills' truck, took the life of four-year old Blake Washington.

132.

More than three years prior to the fire that destroyed Stephanie Hill's home, defendants Ford and TI had actual knowledge of the fire that took Blake Washington's life and of the reported involvement of the Ford vehicle in causing that fire.

133.

Despite having this specific knowledge regarding the propensity of the vehicles containing the switch to erupt into flames, even when turned off and parked, defendants took no action or took inadequate action to warn the public, including the Hills, of the dangerous condition of certain Ford vehicles.

134.

Defendants knew or should have known that the defective switch and related components would cause substantial numbers of injuries and deaths and significant pecuniary loss due to its

defective design, and lack of appropriate and adequate fire avoidance elements.

135.

Defendants have not given adequate notice to vehicle owners, including the Hills, regarding the fire risk associated with their vehicles.

136.

The behavior of defendants has resulted in risks of unnecessary fires, deaths and injuries to the owners and occupants of Ford vehicles with a defective switch and related components.

137.

Defendants knew that the subject vehicles and the switch contained therein were defective in that they are subject to sudden ignition and catastrophic resulting fires.

138.

Defendants intentionally concealed from and/or failed to disclose to the Hill family and all others in the chain of distribution the true nature of the dangerous Ford-installed defective fire-prone switch.

139.

Defendants were and are under duties to the Hills and to other Ford owners and consumers to disclose these facts because:

a.   Defendants were and are in superior positions to know the true character and quality of its subject vehicles, and

the latent problems with the switch in vehicles containing said
components;

b.   Defendants made partial disclosures about the
defective nature of the subject vehicles and the switch contained
therein, while not revealing their true character or quality; and

c.   Defendants actively concealed the nature of the
subject vehicles and the switch contained therein from the Hill
family, other Ford owners/lessors/users, and the consuming public.

140.

The facts that defendants concealed from and/or did not
disclose to the Hills and the consuming public are material facts
in that a reasonable person would have considered them important
in deciding whether or not to purchase or lease (or to pay the
same price for) vehicles which contained the switch.

141.

Defendants willfully, maliciously, wantonly,
oppressively, and/or entirely without want of care, put profits
before protecting the public, by supplying vehicles with a
defective switch and related components unfit for their intended
use and failing timely and adequately to warn of the fire hazards
and failing timely and adequately to recall and to repair all
affected vehicles.

142.

As a direct and proximate result of these defendants'
conduct, the plaintiffs have suffered cruel and unjust hardship

and oppression and severe damages, including fire, property
damage, physical injury, emotional distress, anguish, and grief.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Stephanie Hill, Joseph M. Hill,
Sr., and Sandra F. Hill request of this Court the following
relief:

1.   That a jury be empanelled to hear this cause;

2.   General damages in an amount to be proven at
trial, including, but not limited to, damages for personal
injuries, pain and suffering, loss of property, and loss of
consortium;

3.   For restitution;

4.   An award of pre-judgment and post-judgment
interest pursuant to O.C.G.A. §§ 51-12-14 and 7-4-12,
respectively, and other applicable law;

5.   For consequential damages in an amount to be
determined at trial;

6.   An award providing for payment of costs of
suit, including payment of experts' fees and expenses;

7.   An award of reasonable attorneys' fees and
costs pursuant to O.C.G.A. §51-12-5.1;

8.   For punitive damages pursuant to O.C.G.A. §
51-12-5.1; and

9.   Such other and further relief as this Court
may deem proper and just.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

MICHAEL A. MILLS, P.C.

/s/Michael A. Mills

_____

Michael A. Mills
Georgia Bar No. 509720

563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 815-9220 telephone
(404) 842-7710 facsimile
mike@millslegal.net

MICHAEL T. BENNETT, JR., P.C.

/s/Michael T. Bennett, Jr.

_____

Michael T. Bennett, Jr.
Georgia Bar No. 051290

563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 541-9330 telephone
(404) 842-7710 facsimile
mike.bennett@mtblaw.net

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this COMPLAINT FOR DAMAGES has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1B.

Respectfully submitted,

MICHAEL A. MILLS, P.C.

/s/Michael A. Mills

Michael A. Mills
Georgia Bar No. 509720

563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 815-9220 telephone
(404) 842-7710 facsimile
mike@millslegal.net