IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHANIE M. HILL, JOSEPH M.
HILL, SR., and SANDRA F.
HILL,

      Plaintiffs,

v.

FORD MOTOR COMPANY,

      Defendant.

CIVIL ACTION NO.

1:11-cv-799-JEC

## ORDER AND OPINION

This case is before the Court on defendant's Motion For This Court To Issue An Order On Defendant Ford Motor Company's Motion To Clarify [50].

This case had initially been filed in March 2011, but in April 2011 was transferred to an MDL Panel: *In Re: Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, MDL Docket No. 1718.  Following the conclusion of certain pretrial proceedings, in May 2012, the MDL Panel remanded this case, along with the other joined cases, to their respective transferor courts.  On July 3, 2012, plaintiffs moved to reopen the action here, based on this order of remand [19], and the

Court issued an Order [20] reopening the case. Two scheduling orders have been issued, and the parties have, by their own accounts, "diligently conducted fact discovery...including extensive written discovery and...depositions of Plaintiffs...." (Consent Mot. for Scheduling Order [40] at 1.)

Defendant filed a Motion To Clarify Plaintiffs' Claims [41] on November 27, 2012, which motion was briefed and submitted to the Court just a few weeks ago, on January 2, 2013. Notwithstanding the recency of this submission, defendant has nevertheless filed a motion for the Court to issue an order immediately, because otherwise the parties might be inconvenienced in their efforts to mediate the case on February 13, 2013.

The Court **DENIES** defendant's Motion For This Court To Issue An Order On Defendant Ford Motor Company's Motion To Clarify [50]. The Court appreciates the parties' efforts to mediate the case and to do so earlier, rather than later, but that goal does not entitle the defendant to jump the line ahead of other litigants to obtain a ruling on what appears to be a complicated matter that will require a great deal of time for the Court to sort out. Absent a truly time-sensitive issue, the Court

2

typically handles civil motions in the order that they are filed. At present, there are almost 300 motions in other cases that were filed ahead of the defendant's motion in this case.

Moreover, defendant's claimed exigency is not persuasive. Defendant argues that plaintiffs should not be allowed to pursue their claims of intention infliction of emotional distress or negligent infliction of emotional distress, because, although these claims were stated in plaintiffs' original complaint, they were not a part of the Fourth Amended Master Complaint [43-2] that emanated from the MDL proceedings. According to defendant, discovery concerning these claims, which will focus on emotional types of damages, will be unnecessary and wasteful once the Court ultimately concurs with defendant's position that these claims can no longer proceed, given the MDL proceedings.

Assuming that the Court will agree with defendant that these claims should not proceed, the Court is unclear why discovery concerning these mental damage types of issues would necessarily be wasteful, as the Fourth Amended Master Complaint indicates, as two items of claimed damage: "(c) *inconvenience and disruption of life* resulting from a fire in a Ford Vehicle; and (d) in some cases, *psychological* or physical injuries or

3

death, resulting from a fire in a Ford Vehicle." (*Id.* at 15) (emphasis added). The conclusory paragraph of the Master Complaint reiterates that plaintiffs seek "monetary damages for "(2) any personal injury and/or *mental anguish* resulting from the fire; (3) the *inconvenience and disruption of their work and activities* resulting from the fire...." (*Id.* at 35)(emphasis added).

Thus, as the Court reads this Master Complaint, discovery based only on its terms will focus on matters concerning plaintiffs' alleged mental or psychological injuries. Further, while it can be helpful to know, prior to mediation, how the Court may rule on the many legal and factual issues that will attend a complex products liability case, such as the present case, parties often enter into mediation without knowing, for sure, how the trial court may ultimately rule. Sometimes, it is this uncertainty that triggers the risk-aversion that may motivate both parties to seek a resolution of an uncertain outcome.

Finally, if plaintiffs' attempted negligent infliction and intentional infliction of emotional distress claims are futile,

4

as defendant successfully argued before the MDL judge,[1] then both defendant and the plaintiffs can factor the unlikelihood of relief on these claims into their bargaining postures.

For all the above reasons, the Court **DENIES** defendant's Motion For This Court To Issue An Order On Defendant Ford Motor Company's Motion To Clarify [50].

SO ORDERED, this 30th day of January, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It is true that, in the Court's experience, these types of claims rarely make it past a summary judgment motion.

5